**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. REGINALD WARE, *Defendant*. | Crim. No. 11-224 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is Defendant's second motion for reconsideration. D.E. 56. The Government filed opposition, D.E. 58, to which Defendant replied, D.E. 60. And it appearing as follows:

1. On November 12, 2020, the Court issued an Opinion and Order which denied Defendant's motion to modify his sentence and for immediate release. D.E. 45, 46;

2. Thereafter Defendant filed numerous letters, D.E. 48, 49, 50, 51, which the Court construed as a motion for reconsideration. As a result, the Court ordered the Government to file a response to the letters, D.E.53, which the Government did, D.E. 54. The Court reconsidered its initial opinion (because Defendant had since contracted COVID-19 and because the facility where he is housed had experienced a surge in positive cases) but denied Defendant's motion to modify his sentence and for immediate release. D.E. 55;

3. In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule applies to motions for reconsideration in criminal cases pursuant to Local Criminal Rule 1.1 Rule 7.1(i) provides that such motions must be made within fourteen days of the entry of an order. Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935

    F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). A motion for reconsideration also does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001); and

4. In his current motion for reconsideration, Defendant does not meet any of the three categories necessary for a motion for reconsideration under Rule 7.1(i). Instead, he rehashes the same arguments made in his original motion and his first motion for reconsideration.

For the foregoing reasons, and for good cause shown,

It is on this 15th days of April 2021 hereby

    **ORDERED** that Defendant's second motion for reconsideration D.E. 56, is **DENIED**; and it is further

    **ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Defendant by regular mail.

_____
John Michael Vazquez, U.S.D.J.
