**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | Crim. No. 11-224 |
| v. | **OPINION & ORDER** |
| REGINALD WARE, | |
| *Defendant*. | |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of the Government's motion to turnover funds in Defendant's Bureau of Prisons ("BOP") inmate trust account.  D.E. 64.  The Defendant responded with a motion to quash, which the Court treats as an opposition brief.  D.E. 66.  The Government filed a reply, D.E. 69, and Defendant submitted additional information, D.E. 71, 72. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b).  For the following reasons, the Government's motion is denied.

### I.    BACKGROUND

On April 11, 2011, Ware was indicted on seven counts.  D.E. 7.  The Government and Ware then entered into a written plea agreement, in which Ware agreed to plead guilty to Counts One, Six, and Seven.  D.E. 15.  Ware then pled guilty on July 6, 2011.  D.E. 13.  Ware was thereafter sentenced on March 20, 2012.  D.E. 19.  Judge Walls sentenced Ware consistent with the stipulations in the plea agreement, that is, to a term of 180 months imprisonment, consisting of

96 months on each of Counts One and Seven to run concurrently, and 84 months on Count Six, to run consecutive to the 96 months.  D.E. 20.

As to restitution, Judge Walls ordered that Defendant pay a total of $31,595.63.  *Id.* at 6. Another person, Rahoo Drew, was also potentially responsible for the same restitution to the same victims.  *Id.*  Judge Walls also indicated the following:

> The restitution is due immediately.  It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP).  If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months.  In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement.

*Id.*

The Government seeks approximately $1,032.53 from Defendant's inmate trust account. D.E. 64 at 1.  As of March 22, 2022, the outstanding restitution balance was approximately $16,666.04 of the original $31,595.63.  *Id.*  Defendant indicates that he has participated in the IFRP since the beginning of his incarceration and has made the $25 quarterly payments as ordered; the Government does not offer any evidence to the contrary.

## II.    ANALYSIS

The Government argues that the Court has the authority to grant its motion, relying on 18 U.S.C. §§ 3612, 3613, 3663, 3663A, and 3664, among other provisions.  D.E. 64, 69.  While Defendant makes many arguments in opposition, he primarily asserts that the Government lacks statutory authority to seek his inmate trust account funds in light of Judge Walls' order.  D.E. 66 at 1-14.  The Court disagrees.  While Judge Walls did order that Defendant make certain quarterly payments if Defendant participated in the IFRP, Judge Walls unequivocally stated that the "restitution is due immediately."  D.E. 20.  As a result, the Government is free to seek a turnover

2

of the funds in Defendant's inmate trust account. *See United States v. Shusterman*, 331 F. App'x 994, 996-97 (3d Cir. 2009) (citation omitted) (finding that a court had the authority to enter a garnishment order for restitution that was "due immediately" even though the court had also entered an order with a payment schedule for IFRP amounts and additional amounts on release).

However, the Court declines to grant the Government's motion. Among other statutes, the Government relies on 18 U.S.C. § 3664(n). D.E. 64 at 4. That section provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). While the amount at issue here—$1,032.53—is certainly more than nominal, it does not strike the Court as a substantial resource. However, realizing that "substantial" is a relative term, the Court turns to cases interpreting the provision.

The Fifth Circuit has ruled that "[w]e do not think the gradual accumulation of prison wages constitutes 'substantial resources' such that it fits within § 3664(n)'s ambit; rather we think this provision refers to windfalls or sudden financial injections." *United States v. Hughes*, 914 F.3d 947, 951 (5th Cir. 2019). The Ninth Circuit has agreed with this interpretation. *United States v. Poff*, 781 F. App'x 593, 594-95 (9th Cir. 2019) (citing *Hughes*, 914 F.3d at 951). The Eighth Circuit has taken a different view, finding that Section 3664(n) does not apply solely to "windfalls or sudden financial injections." *United States v. Kidd*, 23 F.4th 781, 786-87 (8th Cir. 2022). The Eighth Circuit, however, did agree with its two sister circuits that "§ 3664(n) does not apply to prison wages." *Id.* at 787. The Eighth Circuit also indicated that its ruling was not contrary to the Mandatory Victim Restitution Act's purpose of "collecting 'full restitution for crime victims.'" *Id.* (citing *Lagos v. United States*, - U.S. -, 138 S. Ct. 1684, 1689 (2018)).

The Court finds the reasoning of the Fifth, Eighth, and Ninth Circuits persuasive and also finds that Section 3664(n) does not apply to prison wages.  The Government has not indicated that the monies in Defendant's inmate trust account stem from any source other than his prison wages. The Court also notes that it would defeat the spirit, if not the letter, of Judge Walls' order to reach a different conclusion.  Judge Walls expressly ordered that only $25 every three months was to be taken from Defendant's IFRP wages to satisfy his restitution obligation.  If Judge Walls had ordered *all* of Defendant's IFRP earnings to be applied towards restitution, Defendant would hardly have had any incentive to participate in the program.  Thus, to the extent that Defendant has accumulated his current inmate trust account balance from his prison work, the Court finds that it would also violate Judge Walls' order to now permit the Government to take the money. The Court also finds a salutary purpose is served in promoting an inmate to save his earnings rather than spend them immediately lest they be seized by the Government.

## III.   CONCLUSION

For the foregoing reasons, and for good cause shown,

It is on this 30th day of December 2022 hereby

**ORDERED** that the Government's motion to turnover funds in Defendant's Bureau of Prisons inmate trust account, D.E. 64, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall deliver a copy of this Opinion and Order to Defendant by regular mail.

John Michael Vazquez, U.S.D.J.